[Civ. No. 5681. First Appellate District, Division Two.—September 30, 1926.]

MRS. CHARLES LINDEMAN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] JUSTICE'S COURT—NOTICE OF APPEAL — ERRONEOUS RECITAL — EFFECT UPON NOTICE—SURPLUSAGE.—The fact that a notice of appeal from a judgment of the justice's court, after stating that the plaintiff appeals to the superior court from the judgment made and entered in the justice's court on a given date, erroneously recites that the judgment appealed from was a judgment in favor of plaintiff, does not render the notice of appeal defective, as such erroneous recital is surplusage.

---

(1) 35 C. J., p. 776, n. 6.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco to reinstate cause on calendar. George H. Cabaniss, Judge. Writ granted.

The facts are stated in the opinion of the court.

Theodore M. Monell for Petitioner.

Wm. M. Abbott, K. W. Cannon and W. Lindley Abbott for Respondents.

STURTEVANT, J.—This is an application for a writ of mandate and is based on the following facts: The petitioner commenced an action against J. H. Handlon in the justice's court of San Francisco. After issue was joined a trial was had and a judgment was entered in favor of the defendant. In due time the plaintiff served on the defendant and filed a notice of appeal, which notice was in words and figures as follows: "You will please take notice, that the plaintiff in this action above named, hereby appeals to the Superior Court of the City and County of San Francisco, from the Judgment therein made and entered in the Justice's Court, on the 19th day of October, A. D. 1925, *in favor of said plaintiff against said defendant* and from the whole thereof. The appeal is taken on questions of law and fact. Dated San Francisco, this 18th day of November, A. D. 1925." (Italics ours.) Later the hearing of the appeal was duly set for May 5, 1926. Before that hearing was had the defendant Handlon duly served a notice thereof and later made a motion to dismiss the appeal and based the motion on the ground that the notice of appeal recited that the judgment appealed from was a judgment "in favor of said plaintiff against said defendant," whereas the only judgment in the case was in favor of the defendant. Thereafter, on April 9, 1926, the respondent court granted the motion to dismiss and the petitioner now asks for a writ directing the respondent court to reinstate said cause on its calendar and to proceed to hear said cause. The respondent has filed an answer which he stipulates is to be considered merely as a demurrer to raise only the question of the sufficiency

of the petitioner's petition. **[1]** In making the application the petitioner concedes that there was an error made in the wording of the notice of appeal, but contends that the error was as to a matter that was surplusage and that the erroneous recital can, and should, be ignored, and that there still remains a full and complete notice of appeal which meets every call of the statute (Code Civ. Proc., sec. 974). We think the contention is well made. A comparison of the language, used in the notice as written, with the provisions of the statute, shows that the erroneous recital was surplusage. It is statutory that superfluity does not vitiate (Civ. Code, sec. 3537). It is not contended that the justice's court rendered more than one judgment and therefore the respondent Handlon was in no manner misled.

The writ should issue as prayed.

Nourse, J., concurred.